UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| KEVIN L. HYAMS and ) | CASE NO. 17-10681 |
| KIMBERLY A. HYAMS ) | |
| ) | |
| Debtors ) | |

## MEMORANDUM-OPINION-ORDER

This matter is before the Court on a Certification of Debtor Eligibility Regarding Discharge. The following constitutes the Court's Findings of Fact and Conclusions of Law regarding Debtors' eligibility for a discharge in this case. For the following reasons, the Debtors are not entitled to a discharge.

On January 3, 2013, Debtors Kevin L. Hyams and Kimberly A. Hyams ("Debtors") filed a Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code in Case No. 13-10006.

On April 10, 2013, Debtors received an Order of Discharge in Case No. 13-10006.

On July 13, 2017, Debtors filed a Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code in Case No. 17-10681.

On January 28, 2021, Debtors' Chapter 13 case was converted to a case under Chapter 7 of the United States Bankruptcy Code.

On January 29, 2021, this Court issued a Notice that Debtors may not be eligible for a discharge in this case because Debtors had received a discharge in a Chapter 7 case within the last eight years in Case No. 13-10006.

On February 17, 2021, Debtors filed a Notice stating they believed they were eligible for a discharge in this case because their previous case, Case No. 13-10006, was filed on January 3, 2013, more than eight years ago and they therefore should be allowed to move forward with their conversion to a Chapter 7 proceeding in this pending case and receive a discharge.

## LEGAL ANALYSIS

Whether Debtors are entitled to a discharge in this case is governed by 11 U.S.C. § 727(8). The statute states, in pertinent part:

> The Court shall grant the debtor a discharge, unless --
>
> . . . . .
>
> (8) the debtor has been granted a discharge under this section, under section 1141 of this title, or under section 14, 371 or 476 of the Bankruptcy Act, in a case commenced within eight years before the date of the filing of the petition.

Section 301(a) of Title 11 provides, "a voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter." 11 U.S.C. § 301(a). Furthermore, the conversion of a case from one chapter to another chapter does not change the effective date of the filing of the petition for relief. 11 U.S.C. § 348(a). Thus, it is clear that a debtor cannot receive a chapter 7 discharge in a case filed within eight years of the filing of a prior case which resulted in a discharge – even if as here, the case was converted to a chapter 7 more than eight year after the commencement of the prior case. *See*, *In re Skinner*, 2010 WL 3469993 (Bankr. S.D. Miss. 2010) and *In re Hiatt*, 312 B.R. 150, 152 (Bankr. S.D. Ohio 2004).

In this case, Debtors' Chapter 13 case was commenced with the filing of the Voluntary Petition on July 13, 2017, which was within eight years of the commencement of their previous

Chapter 7 case, Case No. 13-10006, on January 3, 2013. Even though their current case was converted to a Chapter 7 proceeding on January 28, 2021, more than eight years after the commencement of their first Chapter 7 case, the statute requires the case be commenced beyond eight years of the commencement of the case, not the date the case was converted to a Chapter 7 case. Therefore, Debtors are not eligible to receive a discharge in this case.

The Court having been duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Debtors Kevin L. Hyams and Kimberly A. Hyams are not entitled to a discharge in this case.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: March 5, 2021